JOSE RAMIREZ individually, and on behalf
of all others similarly situated,

                Plaintiffs,

v.

T&D CUSTOM FENCES AND DECKS,
LLC and TIMMY WELLS,

                Defendants.

**JURY TRIAL DEMANDED**

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

COMES NOW Plaintiff, Jose Ramirez ("Ramirez" or "Plaintiff""), on behalf of himself
and all others similarly situated, by and through undersigned counsel, and files this Complaint as
follows:

Plaintiff brings this action, on behalf of himself and other similarly situated, to recover
unpaid wages, compensatory damages, liquidated damages, and attorneys' fees from Defendants,
T&D Custom Fences and Decks, LLC and Timmy Wells (collectively, "Defendants"), for
violations of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.*, the
North Carolina Wage and Hour Act (hereinafter "NCWHA"), N.C.G.S. § 95-2.1 *et seq.*

### NATURE OF ACTION

1.     Plaintiff alleges on behalf of himself and all others similarly situated and former
non-exempt hourly employees of Defendant, who elect to opt-in to this action pursuant to the
collective action provision of 29 U.S.C. § 216(b) (the "Collective Action Members") that
Defendants violated the FLSA by failing to pay minimum wage and overtime compensation in
violation of  the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically 29 U.S.C. §§ 207, 216(b).

2.     Plaintiff further complains, pursuant to Federal Rule of Civil Procedure 23, on

behalf of himself, individually, and all similarly situated current and former non-exempt hourly employees of the Defendant, regardless of title, who work or worked in the state of North Carolina (the "North Carolina Class") that Defendant violated the NCWHA by failing to timely pay Plaintiff and the North Carolina Class all promised and earned wages for all hours worked.

## THE PARTIES

3.     Plaintiff Jose Ramirez is an adult individual who is a resident of Currie, North Carolina, and worked as a non-exempt hourly employee for Defendants from 2010 to 2020 as a general laborer and project supervisor.   A written consent form for Ramirez is attached hereto as Exhibit A, pursuant to 29 U.S.C. § 216(b).

4.     Defendant, T&D Custom Fences and Decks, LLC  ("T&D") is a North Carolina corporation, which operates a construction company focused primarily on the installation of fencing and decks.  T&D's principal place of business is registered with the North Carolina Secretary of State at 301 North Green Meadows Drive, Suite D1, in Wilmington, North Carolina 28405.

5.     Defendant, Timmy Wells ("Wells"), is an officer of, and owns and operates, T&D. Upon information and belief, Wells allocated compensation to employees, made wage payment decisions, set policies and practices regarding employee pay and made, and continues to make, hiring and firing decisions for T&D.

6.     Plaintiff is informed and believes, and based upon such information and belief alleges, that the Defendants, and each of them, are now and/or at all times mentioned in this Complaint were in some manner legally responsible for the events, happenings, and circumstances alleged in this Complaint.

7.     Plaintiff is further informed and believes, and based upon such information and

2

belief alleges, that at all times mentioned, all Defendants, and each of them, were and are the agents, servants, employees, joint venturers, alter egos, and/or partners of each of the other Defendants, and were, at all such times, acting within the course and scope of said employment and/or agency; furthermore, that each and every Defendant herein, while acting as a high corporate officer, director, and/or managing agent, principal, and/or employer, expressly directed, consented to, approved, affirmed, and ratified each and every action taken by the other co-Defendants, as herein alleged and was responsible in whole or in part for the matters referred to herein.

8.      Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendants, and each of them, proximately caused Plaintiff, the Collective Action Members, and the North Carolina Class to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

9.      Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, are now and/or at all times mentioned in this Complaint were members of and/or engaged in a joint venture, partnership and common enterprise, and were acting within the course and scope of, and in pursuit of said joint venture, partnership and common enterprise and, as such were co-employers of Plaintiff, the Collective Action Members and the North Carolina Class members.

10.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that Defendants, and each of them, at all times mentioned in this Complaint, concurred with, contributed to, approved of, aided and abetted, condoned and/or otherwise ratified, the various acts and omissions of each and every one of the other Defendants in proximately causing the injuries and/or damages alleged in this Complaint.

3

11.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that Wells made all decisions on a daily basis regarding pay policies and exerted financial and operative control over T&D, and is therefore individually liable under the FLSA and the NCWHA.

## JURISDICTION AND VENUE

12.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA. 29 U.S.C. § 201 *et. seq.*

13.     Defendants' principal place of business as registered with the North Carolina Secretary of State is listed as 301 North Green Meadows Drive, Suite D1, in Wilmington, North Carolina 28405 and is situated in this District.

14.     The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim. Plaintiff's remaining claims are based on the common law of North Carolina.

15.     All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## COVERAGE ALLEGATIONS

16.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

18.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)

4

of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

20.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

21.     At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

22.     At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

## STATEMENT OF FACTS

23.     Defendants own and operate a construction company specializing in the installation of fencing and decks.

24.     Defendants employ general laborers, who are non-exempt employees and are paid an hourly rate.

25.     Plaintiff was employed by Defendants as a non-exempt hourly employee from 2010 through 2020 in Wilmington, North Carolina. His job duties included operating various

5

pieces of equipment related to residential fencing and deck installation, overseeing installation crews, and overseeing every day issues that may arise at the job site.

26.     Plaintiff and other similarly situated employees performed similar job duties and were compensated pursuant to centralized pay policies, and were subjected to similar pay practices while employed as non-exempt hourly employees for Defendant and are "employees" subject to the protections of the FLSA 29 U.S.C. §§ 203(e) & 207(a).

27.     Throughout the duration of his employment with the Defendant, Plaintiff received weekly paychecks from Defendants that did not properly record or compensate him for all the hours that he worked.

28.     When Plaintiff worked over forty (40) hours per week, Defendants altered Plaintiff's paystubs to reflect no overtime wages. Plaintiff's paystubs consistently reflected a flat fee pay equal to the product of Plaintiff's hours that week multiplied by his regular hourly wage. For example, in March 2020, Plaintiff worked 52.25 hours in one week.  Plaintiff was paid his regular hourly rate of twenty-three dollars ($23.00) for all 52.25 hours.

29.     Plaintiff was told by Defendants that President Donald Trump had passed a law a few years ago that did not require overtime pay.

30.     Defendants willfully and wantonly failed to pay Plaintiff the required statutory overtime pay for every hour worked over forty (40) hours per week.

31.     During the relevant time period, Defendants agreed to pay Plaintiff $22.20 per hour until 2019, when Defendants agreed to pay Plaintiff $23 per hour. Defendants failed to pay Plaintiff the promised hourly rate for every hour worked.

32.     Plaintiff's paystubs did not reflect every hour worked.  Defendants failed to pay Plaintiff the required statutory minimum wage for every hour worked.

33.     Plaintiff never agreed to any deductions from his wages, and Defendants never provided Plaintiff with any notice that his wages were going to be deducted.

34.     Defendants' deductions violated the FLSA and the NCWHA because Plaintiff was not paid at least the minimum wage for the hours worked or paid as promised.

35.     Defendants' policies and practices with respect to the payment of hourly wages earned, were a breach of its promises to employees, violated the wage provisions of the FLSA and NCWHA, and deprived Plaintiff of the lawful wages to which he was entitled.

36.     At all relevant times, Defendants knew that Plaintiff was not being paid minimum wage for every hour worked, thereby willfully violating the FLSA and NCWHA.

37.     Defendants benefitted from their unlawful failure to pay Plaintiff minimum wages and commissions to which he was entitled, because Defendants reaped more profit from the deceptive scheme.

38.     On or about June 1, 2020, Plaintiff confronted Defendants to request payment of all wages owed.  As a direct result of his inquiry, Plaintiff was immediately terminated.

## COLLECTIVE ACTION ALLEGATIONS

39.      This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

40.     Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his First Count on behalf of himself, individually, and all other similarly situated employees who work or have worked for Defendants as non-exempt hourly employees, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of August 7,

2017 to the filing of this Complaint in this action, who elect to opt-in to this action ("Opt-in Plaintiffs).

41.     The FLSA § 216(b) collective action class is properly defined as: All current and former employees of Defendants, nationwide, who work or have worked for Defendants as a non-exempt hourly employee, who were not paid minimum wage and/or overtime premium for all hours worked exceeding 40 per week during the period of August 7, 2017 to the filing of this Complaint in this action.

42.     Consistent with Defendants' policy and pattern or practice, Plaintiff has not been paid overtime wages earned for all hours worked and Plaintiff and Opt-in Plaintiffs have not been paid premium overtime compensation for all hours worked beyond 40 per workweek.

43.     All of the work that Plaintiff and Opt-in Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and Opt-in Plaintiffs have performed.

44.     As part of its regular business practice, Defendants have intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiffs.

45.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

46.     There are many similarly situated current and former hourly employees of Defendants' who have been denied minimum wages and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiffs pursuant to 29 U.S.C. § 216(b).

47. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

48. Plaintiff requests that he be permitted to serve as a representative of those who consent to participate in this action and that this action be granted collective action status pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

49. This action is maintainable as a class action pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure pursuant to NCWHA, N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

50. Plaintiff proposes a North Carolina class for purposes of certification under Rule 23 as under § 216(b) of the FLSA and the class period for this state law cause of action is two years from the date of the filing of this Complaint.

51. The proposed class is easily ascertainable. The proposed class is identified as all employees of T&D employed in North Carolina who were promised or paid wages by Defendants.

52. The number and identity of NCWHA class members are determinable from Defendants' payroll records or records over which they have control, as are the hours assigned and worked, the positions held, and the rates of pay for each class member.

53. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of at least 25 - 35 persons.

54.    There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages. The common questions of law and fact include, but are not limited to the following: (a) whether Defendants refused to pay Plaintiff and members of the proposed class promised and earned minimum wages and overtime premiums, for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6, 95-25.7 and 95-25.13; and (b) whether Defendants' refusal to pay such compensation is in violation of NCWHA.

55.    The claims of Plaintiff are typical of those claims that could be alleged by any North Carolina Class Member and the relief sought is typical of the relief that would be sought by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants; i.e. refusing to timely pay promised and earned wages.

56.    The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

57.    Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who are experienced and competent in both wage and hour and complex class action litigation.

58.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their

common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

59.     Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

**COUNT I**
**(Violation of Fair Labor Standards Act –**
**Failure to Pay Minimum Wage and Overtime)**
(Collective Action)

60.     Plaintiff reasserts the allegations set forth in the above paragraphs.

61.     Count I arises from Defendants' violation of the FLSA, for their failure to pay at least minimum wage for every hour worked by Plaintiff and all similarly situated employees and former employees and failure to pay an overtime premium for all hours worked exceeding 40 per week.

62.     Defendants violated the FLSA by not paying Plaintiffs and all similarly situated employees and former employees for every hour that he worked.

63.     Defendants also violated the FLSA by deducting an amount from the wages of Plaintiff and all similarly situated employees and former employees that resulted in their wages falling below the minimum wage.

64.     Defendants acted willfully and with reckless disregard for Plaintiff's rights under the FLSA.

65.     As a result of Defendants' willful and reckless actions, Plaintiff and all others similarly situated are entitled to recover liquidated damages pursuant to 29 U.S.C. § 216(b).

66.     Plaintiff and all others similarly situated are entitled to recover attorney's fees pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**(Violations of North Carolina Wage and Hour Act - Overtime)**
(Rule 23 Class Action)

67.     Plaintiff reasserts the allegations set forth in the above paragraphs.

68.     Count II arises from Defendants' policy and practice of suffering or permitting Plaintiff and others similarly situated to work in excess of forty hours per week without paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13.

69.     Defendants violated these statutes by failing to pay Plaintiff and all similarly situated hourly employees and former employees overtime compensation for hours worked in excess of forty hours each week they worked.

70.     Plaintiff and all others similarly situated were entitled to all the rights and protections of the NCWHA and Defendant's failure to pay Plaintiffs overtime was in violation of the NCWHA.

71.     Defendants willfully and with reckless disregard violated Plaintiff's and other similarly situated employees' and former employee's rights under the NCWHA.

72.     As a result of Defendants' willful action, Plaintiffs and similarly situated employees and former employees are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

73.     Plaintiffs and all similarly situated employees and former employees are entitled to recover attorneys' fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

**COUNT III**
**(Violations of North Carolina Wage and Hour Act -**
**Unpaid Wages)**
(Rule 23 Class Action)

74.     Plaintiff reasserts the allegations set forth in the above paragraphs.

75.     Defendants violated Plaintiff's rights under the NCWHA by failing to pay and diverting from his earned wages.

76.     Plaintiff and all others similarly situated were entitled to all rights and protections of the NCWHA and Defendants violated the NCWHA by failing to pay and diverting from Plaintiff and all others similarly situated wages earned during employment.

77.     Plaintiff and all others similarly situated are entitled to recovery of unpaid wages earned during employment.

78.     Defendants violated these statutes by failing to pay Plaintiff and all similarly situated hourly employees and former employees all promised and earned wages on the employees' regular payday for all hours worked.

79.     Defendants violated the NCWHA by unlawfully withholding or deducting wages in violation of N.C. Gen. Stat. §95-25.8 because Plaintiff and all similarly situated employees and former employees never provided written authorizations to deduct any amount from their wages. Defendants never provided advance notice of the deduction, and Defendants deduction resulted in Plaintiff's and other similarly situated employees' and former employees' wages falling below the minimum wage amount.

80.     Defendants willfully and with reckless disregard violated Plaintiff's and other similarly situated employees' and former employee's rights under the NCWHA.

81.     As a result of Defendants' willful action, Plaintiffs and similarly situated employees and former employees are entitled to recover liquidated damages pursuant to N.C. Gen. Stat. § 95-25.22.

82.     Plaintiffs and all similarly situated employees and former employees are entitled to recover attorneys fees pursuant to N.C. Gen. Stat. § 95-25.22(d).

## COUNT IV
### (Violation of Fair Labor Standards Act – Retaliation)
(by Plaintiff Ramirez)

83.     Plaintiff reasserts the allegations set forth in the above paragraphs.

84.     In doing the acts alleged above, Defendants retaliated against Plaintiff in violation of the FLSA. After Plaintiff engaged in protected conduct by asserting their right to receive the wages they earned without unauthorized deductions, Defendants retaliated against him by immediately terminating their employment.

85.     As a direct and proximate results of the above-described violation of the rights of Plaintiff under the FLSA, Plaintiff suffered damages, including but not limited to, lost wages, benefits and other pecuniary loss.

86. Defendants' conduct was done with malice and was willful and wanton, entitling Plaintiff to an award of punitive damages. Defendant Wells participated in and/or condoned the retaliation, rendering Defendant T&D liable for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all similarly situated employees and former employees demand and pray for:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and all similarly situated employees and former employees and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to the NCWHA finding Defendants liable for unpaid back wages and liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

c) An Order awarding compensatory damages in an amount to be proven at trial;

d) An Order awarding punitive damages under N.C. Gen. Stat. § 1D-115 in an amount to be proven at trial;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

15

i)      An Order granting such other and further relief as may be necessary and

appropriate.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.


*/s/ L. Michelle Gessner*
L. Michelle Gessner, NCSB#26590
GESSNERLAW, PLLC
1213 Culbreth Drive, Suite 426
Wilmington, North Carolina 28405
Tel: (910) 218-8268; Fax: (980) 206-0286
Email: michelle@mgessnerlaw.com

*Attorney for Plaintiff and Putative Class Members*