IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-144-BO

JOSE RAMIREZ, individually, and on )
behalf of all other similarly situated, )
              Plaintiff, )
    )
v. )           O R D E R
    )
T&D CUSTOM FENCES AND DECKS, )
LLC and TIMMY WELLS, )
              Defendants. )

This cause comes before the Court on plaintiff's motion to conditionally certify a collective action and facilitate notice pursuant to 29 U.S.C. § 216(b). Defendants have responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff filed this action on behalf of himself and all others similarly situated alleging that defendants failed to pay current and former non-exempt hourly laborers in accordance with the Fair Labor Standards Act (FLSA) by failing to pay minimum wages and earned overtime wages for all hours worked on their regular payday at the rate required by the FLSA. Plaintiff now seeks to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b). Defendants have responded to the motion. They do not oppose conditional certification but request a shorter opt-in period, seek clarification as to data to be provided in computer readable format, and argue that the notice period should be from the date that the opt-in plaintiffs join the action and not the date plaintiff filed the action.

## DISCUSSION

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative plaintiffs must satisfy two requirements: (1) they must establish they are "similarly situated" and (2) they must affirmatively consent to the named plaintiff's class representation. *Id.* As to the question of whether the putative plaintiffs are "similarly situated," the Court applies a two-step approach. *See Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003).[1]

At the first, "notice" step of the process, the Court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery; at this initial stage, a lenient standard applies. *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E.D. Va. 2006) ("Because the court has minimal evidence, this determination is made using a fairly lenient standard.") (internal quotation and citation omitted).

The second step of the two-step approach has been described as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

---

[1] This Court has previously found the two-step approach to determining whether putative plaintiffs are "similarly situated" to be "rational, fair, and supported by sufficient persuasive case law" and therefore applies it here. *See Ceras-Campo v. WF P'ship*, No. 5:10-CV-215-BO, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011); *see also Velasquez-Monterrosa v. Mi Casita Restaurants*, No. 5:14-CV-448-BO, 2016 WL 1703351, at *2 (E.D.N.C. Apr. 27, 2016).

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

The collective action members in this action are alleged to have performed substantially similar job duties, were required to work off the clock, were not paid overtime wages, and were otherwise subject to the same unlawful wage and hour practices. The allegations in the complaint are supported by plaintiff's declaration and a declaration by Jordan Samford, one of plaintiff's co-workers. Defendants do not argue that plaintiffs have failed to satisfy the notice standard, and the Court finds that the plaintiff and potential opt-in plaintiffs are sufficiently similarly situated.

The Court will next address defendants' specific objections to plaintiff's proposed notice. First, the Court finds that a sixty-day opt-in period is fair and reasonable in this case.[2] *See Geiger v. H.H. Franchising Sys.*, No. 3:17-cv-00738-FDW-DSC, 2018 U.S. Dist. LEXIS 199970, at *7 (W.D.N.C. Nov. 27, 2018). Defendants do not object to providing information in a computer-readable format but seek clarification on this issue. The Court determines that plaintiff's construction of the term "computer-readable" provided in his reply is appropriate. Defendants shall comply with that definition when providing potential plaintiff information to plaintiff. Finally, the Court finds that a more inclusive notice period at this stage of the proceeding is appropriate. *See, e.g., Pontones v. San Jose Rest. Inc.*, No. 5:18-CV-219-D, 2020 U.S. Dist. LEXIS 72385, at *6 (E.D.N.C. Apr. 8, 2020) (listing cases holding same). The Court will permit the notice period to begin on the date plaintiff filed this action.

Accordingly, the Court has determined that plaintiff has satisfied his step one burden and that notice pursuant to 29 U.S.C. § 216(b) should issue. Further, plaintiff's proposed notice is fair and accurate.

---

[2] In his motion, plaintiff requests a ninety-day opt in period, but in his memorandum in support plaintiff argues that a sixty-day opt in period is routinely approved. The Court determines that a sixty-day period is appropriate in this case.

3

## CONCLUSION

For the foregoing reasons, plaintiff's motion to conditionally certify a collective action [DE 18] is GRANTED. The proposed Notice of Collection Action Lawsuit and Consent to Become Party Plaintiff forms are APPROVED.

Defendants are ORDERED to produce to plaintiff's counsel within seven days of the date of entry of this order a computer readable data file containing the names, addresses, email addresses, telephone numbers, dates of employment, social security numbers, and dates of birth for all potential plaintiffs. The opt-in period is sixty days and shall commence seven days after defendants produce the requested documentation containing information pertaining to potential plaintiffs. Defendants are further ORDERED to post the notice at defendants' facilities in locations where potential plaintiffs are likely to view it.

SO ORDERED, this __1__ day of _March_, 2021.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE