# EXHIBIT A

# SETTLEMENT AND GENERAL RELEASE AGREEMENT

THIS SETTLEMENT AND GENERAL RELEASE AGREEMENT (this "**Agreement**") is made and entered into by and between Named Plaintiff Jose Ramirez ("**Named Plaintiff**" or "**Ramirez**"), and Opt-In Plaintiffs Jordan Samford, Frederick Evans, David Gonzalez, and Jonathan Gonzalez ("**Opt-In Plaintiffs**") (collectively "**Plaintiffs**") on the one hand, and T&D Custom Fences and Decks, LLC ("**T&D**"), and Timmy Wells ("**Wells**"), (collectively "**Companies**"), on the other hand, as of this 1st day of September 2021 (the "**Date of this Agreement**"), to be effective as of the Effective Date (as defined below). The Companies and each individual Plaintiff may each be referred to herein as a "**Party**", or collectively as the "**Parties**".

WHEREAS, Ramirez and each of the Opt-In Plaintiffs was employed by the Companies, in North Carolina, as non-exempt employees.

WHEREAS, Ramirez filed a complaint on August 7, 2020, captioned *Jose Ramirez, on behalf of himself and all others similarly situated*, v. *Jose Ramirez,* Civil Action No.: 7:20-CV-744 (the "Action"), currently pending in the United States District Court for the Eastern District of North Carolina (the "Court").

WHEREAS, Ramirez asserts on behalf of himself and all others similarly situated causes of action for: (1) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., for failure to pay minimum wages; (2) violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., for failure to pay overtime; and (3) failure to pay wages pursuant to the North Carolina Wage and Hour Act N.C. Gen. Stat. §§ 95-25.6, 95-25.7 and 95-25.13;

WHEREAS, Ramirez filed a Motion to Conditionally Certify a Collective and Class Action and Facilitate Notice on November 20, 2020 which was granted on March 2, 2021 and designated Plaintiffs' counsel as class counsel. Pursuant to the Court's Order, Plaintiffs' counsel facilitated notice to potential class members by email and U.S. Mail. As of the deadline to join the Action, four (4) additional plaintiffs who had previously worked for the Companies joined as Opt-Ins.;

WHEREAS, Jordan Sanford, Frederick Evans, David Gonzalez, and Jonathan Gonzalez joined as Plaintiffs to the Action by each filing a Consent to Become Party Plaintiff in the Wage and Hour Lawsuit;

WHEREAS, the Companies and Plaintiffs have agreed to settle, compromise, and resolve all claims Plaintiffs may have against the Companies related to the Companies' payment of wages to Plaintiffs, including but not limited to those alleged in the Action, in order to avoid the uncertainty, additional time and expense which would occur if litigation on these claims was to continue to proceed.

NOW, THEREFORE, in consideration of the foregoing, the mutual agreements contained herein, and other good and valuable consideration, the sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. **Recitals.** The above recitals are true and correct and are incorporated by reference as if fully set forth herein.

Document Ref: RW38N-4RPNF-TUPDC-VKEME    Doc ID: [illegible]    Page 1 of 9

**2.     Cooperation to Obtain Judicial Approval; Effective Date.**  After the execution of this Agreement, counsel for the Parties shall cooperate to obtain final judicial approval of the settlement terms described herein, including an express agreement that all payments, including attorneys' fees and costs, are fair and reasonable.  The covenants, obligations, or releases described herein shall not be enforceable or effective and no Settlement Payments (as defined below) shall be due or payable, unless and until the Court grants final approval to these settlement terms.  Only upon such approval and on such day as the Court issues an order approving settlement (the "**Effective Date**"), this Agreement will automatically become effective and enforceable.

**3.     Settlement Payments Being Provided by the Companies.**  As a special benefit in consideration of the covenants, releases, and agreements set forth herein, and in full satisfaction of all the Released Claims (as defined below) each Plaintiff may have against the Companies from any time prior until up to the Date of this Agreement, the Companies shall provide:

   **(a)**     A settlement payment to Ramirez in an amount equivalent to Sixteen Thousand Six Hundred Seventy Dollars ($16,670.00), within thirty (30) days from the Effective Date;

   **(b)**     A settlement payment to D. Gonzalez in an amount equivalent to Five Thousand Six Hundred Sixty-Nine Dollars ($5669.00), within thirty (30) days from the Effective Date;

   **(c)**     A settlement payment to J. Gonzalez in an amount equivalent to Three Thousand Three Hundred Sixteen Dollars ($3316.00), within thirty (30) days from the Effective Date;

   **(d)**     A settlement payment to Samford in an amount equivalent to Eight Hundred Fifty-Eight Dollars and Forty-Four Cents ($858.44), within thirty (30) days from the Effective Date; and

   **(e)**     A settlement payment to Evans in an amount equivalent to Two Hundred Fifty Dollars ($250.00), within thirty (30) days from the Effective Date.

Collectively, the settlement payments made to Jose Ramirez, Jordan Samford, Frederick Evans, David Gonzalez, and Jonathan Gonzalez are hereinafter the "**Settlement Payments**".  The Settlement Payments were fairly and proportionately determined by using the data provided by the Companies, and reflect the actual unpaid minimum wages and overtime wages owed to each person.  Plaintiffs acknowledge that separate consideration is being paid as part of the Settlement Payments referenced herein to obtain a general release in addition to the settlement of any wage and hour claims by the Plaintiffs who execute this Agreement only.

The Settlement Payment to Named Plaintiff and each Opt-In Plaintiff outlined above shall constitute wages from which applicable payroll taxes shall be withheld and a W-2 issued. The employer's contribution to payroll taxes shall be paid by Companies.  The Companies shall deliver via overnight courier all checks made payable to Named Plaintiff and each Opt-In Plaintiff, individually, to GessnerLaw, PLLC at 602 East Morehead Street, Charlotte, North Carolina 28202 within thirty (30) days from the Effective Date of this Agreement.

Document Ref: RW38N-4RPNF-TUPDC-VKEME
Doc ID: 720200003e244ea02a0b540c
Page 2 of 9

4. **Release and Discharge.**

Released Parties. As used in this Agreement, "Released Parties" shall mean 1) Defendant, T&D Custom Fences and Decks, LLC ("T&D"), and Timmy Wells ("Wells").

 a.   Plaintiffs' Release of Released Parties. In consideration for the execution of this Agreement and performance of the promises contained in it and in recognition of the benefits to be derived therefrom, Plaintiffs do hereby and for themselves, their past, present and future assigns, agents (actual or ostensible), heirs, executors, administrators, personal representatives, brokers, representatives, employees, partners, successors, predecessors, affiliates, business entities, insurers, and all persons or entities acting by, through, under or in concert with him, release the Released Parties from all actions, causes of action, suits, debts, dues, sums of money, damages, judgments, executions, grievances, claims and demands whatsoever, in law or in equity, whether known or unknown, foreseen or unforeseen, which Plaintiffs ever had, now have, or may have which could have been raised in the Action and exist as of the date this Agreement is signed against Defendants, in the Action or otherwise. Plaintiffs acknowledge that this Agreement includes but is not limited to all wage and hour claims arising out of any state or federal wage, minimum wage, overtime or other compensation laws, including without limitation, the Fair Labor Standards Act and the North Carolina Wage and Hour Act, claims of alleged discrimination based upon age, race, color, sex, sexual orientation, marital status, religion, national origin, handicap, disability, or retaliation, or any other characteristic protected under federal, state or local laws or regulations, including any claim which could arise under Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act of 1963; the Age Discrimination in Employment Act of 1967, as amended; the Older Workers Benefit Protection Act of 1990; the Americans With Disabilities Act of 1990; the Employee Retirement Income Security Act of 1974, as amended; the Consolidated Omnibus Budget Reconciliation Act of 1985; the Fair Credit Reporting Act; the Equal Pay Act; 42 U.S.C. Sections 1981 through 1988; the Occupational Safety and Health Administration Act; the Sarbanes Oxley Act of 2002; the Dodd-Frank Wall Street Reform and Consumer Protection Act; the Federal False Claims Act; the Family and Medical Leave Act of 1993; the Worker Adjustment and Retraining Notification Act of 1988; and any other federal, state or local laws, rules or regulations, whether equal employment opportunity laws, rules or regulations and any claim arising under the common law, including but not limited to causes of action for wrongful discharge and breach of contract (whether express or implied) and implied covenants of good faith and fair dealing, breach of any employee handbook or employee manual provisions, violation of any unwritten policies or practices and all claims in tort (including but not limited to, claims for misrepresentation, defamation, interference with contract or prospective economic advantage, infliction of emotional distress and negligence) and violations of public policy.

 b.   The releases set forth in paragraphs 2(a) of this Agreement do not prevent any Party from instituting an action to enforce any provision of this Agreement.

5. **Dismissal.** Within ten (10) business days after all Settlement Payments have been paid in full, the Parties will file a stipulation to dismiss the Action. The dismissal shall be with prejudice against Plaintiffs and the Opt-In Plaintiffs only.

6. **Attorneys' Fees and Expenses and Incentive Award.** In recognition of the time and effort of Ramirez and Plaintiffs' counsel in pursuing this action and in securing the Settlement Payments provided for herein, the Companies agree to pay the following:

**(a)** Attorneys' fees and costs of Plaintiffs' counsel through the dismissal of this Action in the amount of Seventy-Five Thousand Dollars ($75,000.00) made payable to GessnerLaw, PLLC and delivered via overnight courier within thirty (30) days from the Effective Date; and

**(b)** an incentive fee to Ramirez in the amount of Ten Thousand Dollars ($10,000.00) (the "**Incentive Payment**"), and delivered via overnight courier within thirty (30) days from the Effective Date. The Companies and Ramirez agree the Incentive Payment should be treated as non-wage income and subject to IRS Form 1099 tax reporting, and thus the Companies will issue Ramirez a form 1099-MISC for the Incentive Payment. Ramirez agrees that Ramirez shall be solely responsible for any taxes that may be due and owing by Ramirez as a result of the Incentive Payment, and agrees to indemnify and hold the Companies harmless against any claim or assessment by any taxing authority of the payment of taxes, fees or penalties resulting from this payment.

**7. No Admission.** Plaintiffs acknowledge that the Companies do not admit any liability or wrongdoing by entering into this Agreement. Neither this Agreement nor anything contained here shall be admissible in any proceeding as evidence of an admission by the Companies of any violation of any law or regulation or of any liability whatsoever to Plaintiffs.

**8. No Waiver.** No waiver by any Party of any breach of, or of compliance with, any condition or provision of this Agreement by any other Party shall be considered a waiver of any other condition or provision or of the same condition or provision at another time.

**9. Complete Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter here and supersedes and cancels all prior or contemporaneous oral or written agreements and understandings between them with respect to the subject matter of this Agreement.

**10. Negotiated and Voluntary Agreement.** The Parties represent that they have had adequate opportunity to consider the terms of this Agreement and that this Agreement is being entered into of their own free will. This Agreement has been negotiated between the Parties, and each Party has been represented by counsel in connection with the negotiation of this Agreement. In the event of any dispute over the interpretation of this Agreement, there shall be no rule of construction requiring that the Agreement be construed in favor of or against any of the Parties.

**11. Payment of Costs and Fees to Enforce Agreement.** If there is future litigation between the Parties to enforce this Agreement the prevailing party will be entitled to an award of that Party's reasonable and necessary attorneys' fees.

**12. Continuing Jurisdiction.** The Court shall retain continuing and exclusive jurisdiction over the Parties for the purpose of the administration and enforcement of this Agreement.

**13. Governing Law; Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of North Carolina (without regard to conflict of laws principles). The Parties each individually consent to the sole and exclusive venue and jurisdiction of the federal

courts located in Mecklenburg County, North Carolina, for any dispute arising under this Agreement, and waive any defense of inconvenient forum and lack of jurisdiction on account of place of residence or domicile.

      **14.** **Counterparts.** This Agreement may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same agreement. Transmission of images of signed signature pages by facsimile, e-mail or other electronic means shall have the same effect as the delivery of manually signed documents in person.

      **15.** **Assignment.** Each Plaintiff individually represents and warrants that Plaintiff has not assigned or in any other manner conveyed any right or claim that Plaintiff has or may have to any third party, and Plaintiff shall not assign or convey to any assignee for any reason any right or claim covered by this Agreement or the consideration, monetary or other, to be received by Plaintiff pursuant to this Agreement. The Companies may assign its rights and obligations under this Agreement to any third party at its discretion.

      **16.** **Acknowledgements.** The Parties, and each of them, acknowledge, represent and warrant that: (a) this Agreement and its reduction to final written form is the result of extensive good faith negotiations between the Parties through their respective counsel; (b) that they have carefully reviewed and fully understand all of the terms and provisions of this Agreement, and that they executed this Agreement after having sufficient opportunity to read and understand this Agreement and after conferring with their respective counsel; (c) said counsel have carefully reviewed and examined this Agreement before execution by said Parties; (d) the Parties have executed this Agreement relying wholly upon their own judgment and advice of counsel of their independent selection, if any; (e) the Parties do not rely and have not relied upon any representation or statement made by any other Party or by any person affiliated with or representing any of the other Party with respect to any of the facts involved in the disputes compromised or with regard to the claims or asserted claims of either in that connection; (f) each Party assumes the risk of any mistake of fact in connection with the true facts involved in such disputes or in connection with any facts which are unknown to either Party; (g) each Party has willingly and knowingly entered into this Agreement following careful analysis of the law and the facts at issue in this dispute and after determining that this Agreement represents a fair and reasonable resolution of those disputes; (h) each Party acknowledges that this Agreement is not the result of fraud, duress or overreaching; and (i) any statute or rule of construction stating that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

      IN WITNESS WHEREOF, the Parties have each signed this Agreement as of the date set forth below:

By. 
    Jose Ramirez

Document Ref: RW38N-4RPNF-TUPDC-VKEME    Doc ID: 72020d00e24d1ea82a05a0c... Page 5 of 9

Date: 09 / 15 / 2021

By: [signature] JS
Jordan Samford

Date: 09 / 08 / 2021

By: [signature] Frederick Evans
Frederick Evans

Date: 09 / 19 / 2021

By: David González carrillo
David Gonzalez

Date: 09 / 08 / 2021

By: [signature]
Jonathan Gonzalez

Date: 09 / 08 / 2021

By: Timmy Wells
T&D Custom Fences and Decks, LLC, by Owner/Managing Member

By: Timmy Wells
Timmy Wells

09/20/2021

Document Ref: RW38N-4RPNF-TUPDC-VKEME   Doc ID: [illegible]   Page 6 of 9



# Audit Trail

| | |
|---|---|
| **TITLE** | Ramirez et al - Settlement Agreement |
| **FILE NAME** | 2021-09-09- RAMIR...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | b2090d93f1f419a8ba8540e3fbbce3ecf9a45231 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** — **09 / 08 / 2021** 10:38:29 UTC-4
Sent for signature to Jose Ramirez (1973chainlink@gmail.com), Jordan Samford (kroobo@yahoo.com), David Gonzalez (davidgon241@icloud.com) and Jonathan Gonzalez (jona.pipo06@gmail.com) from michelle@mgessnerlaw.com
IP: 173.92.142.10

**VIEWED** — **09 / 08 / 2021** 10:50:20 UTC-4
Viewed by Jordan Samford (kroobo@yahoo.com)
IP: 173.93.79.85

**SIGNED** — **09 / 08 / 2021** 10:50:46 UTC-4
Signed by Jordan Samford (kroobo@yahoo.com)
IP: 173.93.79.85

**VIEWED** — **09 / 08 / 2021** 12:02:02 UTC-4
Viewed by Jonathan Gonzalez (jona.pipo06@gmail.com)
IP: 173.93.28.16

**SIGNED** — **09 / 08 / 2021** 12:03:01 UTC-4
Signed by Jonathan Gonzalez (jona.pipo06@gmail.com)
IP: 173.93.28.16

Powered by HELLOSIGN



# Audit Trail

| | |
|---|---|
| **TITLE** | Ramirez et al - Settlement Agreement |
| **FILE NAME** | 2021-09-09- RAMIR...ENT AGREEMENT.pdf |
| **DOCUMENT ID** | b2090d93f1f419a8ba8540e3fbbce3ecf9a45231 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**VIEWED**    **09 / 08 / 2021**    Viewed by David Gonzalez (davidgon241@icloud.com)
18:27:57 UTC-4    IP: 107.77.249.16

**SIGNED**    **09 / 08 / 2021**    Signed by David Gonzalez (davidgon241@icloud.com)
18:28:10 UTC-4    IP: 107.77.249.16

**VIEWED**    **09 / 14 / 2021**    Viewed by Jose Ramirez (1973chainlink@gmail.com)
19:13:12 UTC-4    IP: 107.77.249.36

**SIGNED**    **09 / 15 / 2021**    Signed by Jose Ramirez (1973chainlink@gmail.com)
14:43:18 UTC-4    IP: 107.77.249.9

**COMPLETED**    **09 / 15 / 2021**    The document has been completed.
14:43:18 UTC-4

Powered by HELLOSIGN

Document Ref: RW38N-4RPNF-TUPDC-VKEME    Doc ID: 7e12c3c0e2aaced267feab27a5180684d69bb228    Page 8 of 9



# Audit Trail

| | |
|---|---|
| TITLE | Evans - Settlement Agreement (Ramirez et al v. T&D et al ) |
| FILE NAME | Ramirez_et_al_-_Settlement_Agreement.pdf |
| DOCUMENT ID | 7e12c3c0e2aaced267feab27a5180684d69bb228 |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | ● Completed |

## Document History

**09 / 15 / 2021**
15:58:45 UTC-4
SENT

Sent for signature to Frederick Evans (inspirational1974@yahoo.com) from michelle@mgessnerlaw.com
IP: 173.92.142.10

**09 / 19 / 2021**
19:11:09 UTC-4
VIEWED

Viewed by Frederick Evans (inspirational1974@yahoo.com)
IP: 174.253.129.127

**09 / 19 / 2021**
19:17:44 UTC-4
SIGNED

Signed by Frederick Evans (inspirational1974@yahoo.com)
IP: 174.253.129.127

**09 / 19 / 2021**
19:17:44 UTC-4
COMPLETED

The document has been completed.

Powered by HELLOSIGN

Case 7:20-cv-00144-BO   Document 39-1   Filed 09/20/21   Page 10 of 11

Document Ref: RW38N-4RPNF-TUPDC-VKEME                                                                 Page 9 of 9

# Signature Certificate

Document Ref.: RW38N-4RPNF-TUPDC-VKEME

Document signed by:



Timmy Wells

Verified E-mail:
info@tdcustomfences.com

IP: 107.12.75.86    Date: 20 Sep 2021 18:34:14 UTC

*Timmy Wells*

Document completed by all parties on:
20 Sep 2021 18:34:14 UTC
Page 1 of 1



Signed with PandaDoc.com

PandaDoc is a document workflow and certified eSignature solution trusted by 25,000+ companies worldwide.

